The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BANDAR JASSIM AL-THANI, <br><br> Defendant. | NO. CR15-0011 RSL <br><br> GOVERNMENT'S DISPOSITION MEMORANDUM |

Comes now the United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and S. Kate Vaughan, Assistant United States Attorney for said District, and files this Disposition Memorandum in anticipation of disposition hearing scheduled for April 27, 2017.

## I.  BACKGROUND

On November 15, 2008, the defendant was sentenced in Alaska to 84 months imprisonment for Drug Conspiracy, with five years of supervised release to follow. His supervision commenced on May 2, 2014. On February 2, 2015, the defendant's supervision was transferred to the Western District of Washington. On October 19, 2015, the defendant provided a urine sample pursuant to the terms of his supervision that tested positive for heroin and marijuana. On November 4, 2015, the defendant entered

residential drug treatment at Pioneer Center North.  On December 23, 2015, the defendant was terminated from the program after it was determined that he had obtained suboxone through the mail.  On January 8, 2016, the defendant's term of supervised release was revoked and a term of custody of 60 days was imposed with 24 months of supervised release to follow.  On February 25, 2016, he entered the Residential Reentry Center (RRC) for a period of up to 120 days, but it was agreed that if he obtained employment and received his first pay check he could leave the RRC and reside with his aunt.  However, despite this agreement, Mr. Al-Thani was terminated from the RRC on March 8, 2016, after multiple violations, including refusing to submit to a urinalysis, damaging RRC property, and stealing from the vending machine.  He also obtained prescription opioids from a physician after suffering from strep throat.  On March 22, 2016, Mr. Al-Thani's term of supervision was revoked and he was sentenced to 27 days custody and 22 months supervised release.  He was released on April 4, 2016, and went to the RRC.  He was terminated from the RRC for multiple rules violations after 12 days, and within a month of leaving the RRC he was arrested for trafficking stolen property and was found with a loaded gun in his waistband.  He had also attempted to elude police after they encountered him, and reversed his vehicle into a police car as he tried to escape.  He was sentenced to 13 months in Pierce County Superior Court for trafficking stolen property.  On March 2, 2017, Mr. Al-Thani's term of federal supervision was revoked and he was sentenced to credit for time served (27 days), and one year of supervised release, to include participation in a residential reentry center for a period of up to 120 days.  He began his fourth term of supervised release on March 13, 2017.

 On March 27, 2017, two weeks after his release from his prior term of imprisonment, Mr. Al-Thani was alleged to have violated the terms of his supervision for being terminated from the RRC.  His termination was based on testing positive for marijuana and an opioid, and refusing to submit to drug testing.  Mr. Al-Thani made his

initial appearance and admitted to the violation on April 17, 2017, and is proceeding to disposition.

## II.   GOVERNMENT'S RECOMMENDATION

The government recommends a term of imprisonment of thirteen months with no supervised release to follow.  This term is the top of the guideline range.  After his prior revocation only last month, Mr. Al-Thani violated the terms of his supervision within two weeks after his release, in spite of the Court reducing his term of supervision to 12 months as an incentive to turn his life around and become a productive member of the community.

When a term of supervised release is imposed, the government's preference is that a defendant serve that full term of supervision.  This is in order to allow a defendant to transition back into the community with the support the Probation Office can afford a defendant with respect to addressing drug or mental health issues or homelessness.  Here however, Mr. Al-Thani has demonstrated that he is simply unwilling to take advantage of these support services, and therefore the government must consider the implications of Mr. Al-Thani's conduct in terms of public safety.  Mr. Al-Thani has an extremely long history of drug addiction and criminal activity associated with drug dealing.  In his last revocation he attempted to elude law enforcement, striking a police vehicle with his car, and was found with a gun.  As Mr. Al-Thani is unwilling to make efforts to address his drug issues while in the community, the only recourse to address public safety concerns is for Mr. Al-Thani to spend time away from the community in custody.

His original term of supervision was a period of five years, which would have ended in May 2019.  The Probation Office has made every effort since 2014 to support Mr. Al-Thani in the community, and should be commended for their work.  Although the government reluctantly agrees with the Probation Office that continued supervision would not be productive in Mr. Al-Thani's case, Mr. Al-Thani's poor conduct under supervision should not be rewarded with a significantly shorter term from early

1 termination. This is another basis for a significant term of custody. The government
2 therefore respectfully recommends that the Court impose a term of custody of 13 months
3 with no supervised release to follow.
4       Dated this 24th day of April, 2017.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*s/ S. Kate Vaughan*
S. KATE VAUGHAN
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone:   (206) 553-7970
Facsimile:   (206) 553-0755
Email: kate.vaughan@usdoj.gov

|   |   |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | I hereby certify that on April 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant(s). |

*s/ Alissa Harris*
ALISSA HARRIS
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4439
Fax: (206) 553-4440
Email: Alissa.Harris@usdoj.gov